## WALKER v. FARRELL.

(Supreme Court, Appellate Term. June 22, 1903.)

1. CONVERSION—TRANSFER OF TITLE—EVIDENCE.
    In an action for conversion of property, a receipt given to plaintiff's assignor, acknowledging the payment of a certain sum for the property, in which the assignor's name is not mentioned, is not sufficient evidence of the transfer of title.

2. SAME—EXPERT EVIDENCE.
    An expert on the value of property cannot properly state what he offered for the property.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Jacob Walker against Thomas Farrell. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Stickney, Spencer & Ordway, for appellant.
Aaron Morris, for respondent.

GILDERSLEEVE, J.  This action was brought to recover damages for the conversion of certain property, enumerated in plaintiff's bill of particulars as:

Three butcher ice boxes at $30 each.................................. $ 90
Two mahogany bedsteads at $5 each...................................   10
Nine stained glass windows at $3 each...............................   27
                                                                    ———
                                                                    $127

The plaintiff's assignor, one Michael Walsh, claimed to have purchased the property for $5, under the description of "firewood."  The jury rendered a verdict in favor of the plaintiff, and assessed the damages at $75.  There is no evidence that plaintiff's assignor ever had possession of the property.  The plaintiff's right to maintain the action rests, therefore, upon his right to possession of the property.  The only evidence of transfer of title to Walsh consists of a receipt for $5 for "firewood now in 626 10 Ave.," and signed, "S. C. Jackson."  Walsh's name is not mentioned in the receipt.  If it can possibly be said that the "firewood" consisted of ice boxes, mahogany bedsteads, and stained glass, this receipt is not sufficient evidence of transfer of title to Walsh.  Filkins v. Whyland, 24 N. Y. 338.  It appears from the record that the defendant came into possession of the property against his will, and was quite willing to surrender it to any one presenting reasonable proof of ownership.  Moreover, there is no evidence that J. C. Jackson ever had any title to the property.

It was error that may very well have been prejudicial to the defendant to permit one Hauley, called by plaintiff as an expert on value, to testify that he offered $125 for the property.

The plaintiff failed to make out a cause of action.  The motion to dismiss the complaint should have been granted.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.  All concur.